IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOMMY S. HANDY                                                                         PETITIONER
ADC #078350

V.                         CASE NO. 5:17-cv-00046 KGB-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                      RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

>District Judge in the form of an offer of proof, and a copy, or the original, of
>any documentary or other non-testimonial evidence desired to be introduced
>at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is a Petition for Issuance of a Writ of Mandamus that the Clerk designated as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 2) Tommy S. Handy does not seek to challenge his state convictions or sentence, but instead, requests that the Court direct the Arkansas Department of Correction (ADC) to release him into Bureau of Prisons (BOP) custody so that he may begin serving his federal sentence. Alternatively, Handy seeks modification of his federal judgment allowing his federal sentence to run *nunc pro tunc* with his state sentence.

Respondent asserts that Petitioner's claim for relief is non-cognizable, and alernatively, time barred and meritless. (Doc. No. 7, Response) Petitioner filed a Response in which he agrees with Respondent that this action is non-cognizable as a habeas action. Instead, he reiterates that he filed his action as a petition for issuance of a writ of mandamus and requests that the Court either (1) re-designate this matter as a writ of mandamus "as it is the Petitioner's belief that mandamus is the only available avenue to seek necessary relief," or (2) grant a temporary stay not to exceed 180 days so

he may perfect his petition "should the Court desire to continue under 2244 proceedings." (Doc. No. 8, Reply)

For the reasons outlined below, the undersigned recommends that the case be redesignated from one pursuant to 28 U.S.C. § 2254 to one pursuant to 28 U.S.C. § 1361.  Having so recommended this change in designation, the undersigned further recommends that the petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 be dismissed with prejudice because it fails to state a claim on which relief may be granted.

## Procedural History and Background

On June 19, 2008, Petitioner was arrested in Pulaski County, Case No. CR-08-2951, for theft by receiving, driving on a suspended license, and speeding.  (Doc. No. 7, Respondent's Exhibit A) He was arrested again by Pulaski County on February 10, 2009, Case No. CR-09-421, for aggravated robbery, theft of property, and two counts of possession of an instrument of crime. (Doc. No. 7, Respondent's Exhibit B) On February 17, 2009, federal authorities arrested Petitioner, Eastern District of Arkansas Case No. 4:09-cr-00052-1 JLH, for conspiracy to commit sex trafficking, aiding and abetting sex trafficking of a minor or by force, use of firearms during crime of violence, felon in possession of a firearm, and conspiracy to distribute cocaine base.  (Doc. No. 7, Respondent's Exhibit C)

On October 23, 2009, Petitioner entered into a plea agreement on his federal charges, whereby he entered a guilty plea to sex trafficking of a minor.  All other counts in the indictment were dismissed upon acceptance of the guilty plea.  (Doc. No. 7, Respondent's Exhibit D)  The federal court sentenced Petitioner in March 2010 to "188 Months to run consecutive to the undischarged term in the Arkansas Department of Correction[.]" (Doc. No. 7, Respondent's Exhibit

E) Petitioner was already in ADC custody serving sentences on other cases. In March 2011, Petitioner pleaded guilty in Pulaski County Case No. CR-08-2951, and he received 180 months in ADC custody. (Doc. No. 7, Respondent's Exhibits F and G) This sentence was "concurrent with 09-421 and time presently serving in the federal Bureau of Prisons." (*Id.* at 7-8, p. 2) Subsequently, Petitioner pleaded guilty in Pulaski County Case No. CR-09-421, and he received 120 months in ADC custody, "concurrent with 08-2951 and time presently serving in the federal Bureau of Prisons." (Doc. No. 7, Respondent's Exhibits H and I) The federal sentence is silent on whether it should be concurrent with any future sentences the state might impose in connection with other proceedings then pending, namely Cases CR-08-2951 and CR-09-421.

## Discussion

28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment. A petition pursuant to 28 U.S.C. § 2254 may be entertained "only on the ground that [the state prisoner] is in custody in violation of the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Petitioner is in no way challenging the conviction for which he is presently incarcerated nor is he challenging a conviction and/or sentence that has been imposed but he is not yet serving. Instead, he is requesting this Court to order the ADC to turn him over to BOP custody, or alternatively, modify his federal sentence to run *nunc pro tunc* with the state sentence. His challenge is clearly outside the scope of 28 U.S.C. § 2254.

It is not the Court's practice to recharacterize a Petitioner's case without proper notice, warnings, and the opportunity to withdraw the pleading prior to recharacterizing the action as a first section 2254 petition. *See Smith v. Hobbs*, 490 Fed. App'x 833 (8th Cir. 2015). It is therefore

recommended by the undersigned that the designation of this case be changed from one pursuant to 28 U.S.C. § 2254 back to one pursuant to 28 U.S.C. § 1361.[1]

Having so recommended, the undersigned finds that Petitioner cannot obtain the relief that he seeks in a petition pursuant to 28 U.S.C. § 1361.  It is well-settled that "federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Veneri v. Circuit Court of Gasconade Co.*, 528 F. Supp. 496, 498 (E.D. Mo. 1981).[2]

---

[1] 28 U.S.C. § 1361 provides that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2] The problem with Petitioner's sentence, if a problem indeed exists, lies with his federal sentence.  While it is clear that the state court intended Petitioner to serve concurrent state and federal sentences, the intent of the federal sentencing court is uncertain.  The district court made no mention of whether Petitioner's federal sentence was to run concurrently with his subsequent state sentences, only that the federal sentence was to run consecutive to his undischarged state sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Normally, therefore, one would conclude from the district court's silence that it intended Petitioner's sentences to run consecutively.

Because Petitioner has not yet begun to serve his federal sentence, one proper means of challenging it may be to petition for a writ of error coram nobis against the proper federal defendants.  See *Zabel v. United States Attorney*, 829 F.2d 15, 17 (8th Cir. 1987) (per curiam); *Hendrix v. Norris*, 81 F.3d 805, 808 (8th Cir. 1996).  Notably, however, as the United States Supreme Court noted in *Setser v. United States*, the BOP "sometimes makes this designation while the prisoner is in state custody and sometimes makes a *nunc pro tunc* desigantion once the prisoner enters federal custody." 566 U.S. 231, 235 n.1 (2012).  Therefore, pursuant to BOP Program Statement 5160.05, another proper means by which Petitioner may seek *nunc pro tunc* designation is simply requesting it directly from the BOP who must consider the inmate's request for concurrent service of the state and federal sentences.  See *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990).

## Conclusion

For the reasons outlined above, the undersigned recommends that the case be redesignated from one pursuant to 28 U.S.C. § 2254 to one pursuant to 28 U.S.C. § 1361. Having so recommended this change in designation, the undersigned further recommends that the petition for a writ of mandamus pursuant to 28 U.S.C. § 1361 is dismissed with prejudice because it fails to state a claim on which relief may be granted.

SO ORDERED this 27th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE