IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TOMMY HANDY
ADC #078350                                                                                          PETITIONER

v.                                    Case No. 5:17-cv-00046-KGB

WENDY KELLEY, Director
Arkansas Department of Correction                                                     RESPONDENT

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 11). Petitioner Tommy Handy filed objections to the Proposed Findings and Recommendations (Dkt. No. 12). After a review of the Proposed Findings and Recommendations and Mr. Handy's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects and directs the Clerk of Court to redesignate this case from one pursuant to 28 U.S.C. § 2254 to one pursuant to 28 U.S.C. § 1361. The Court also dismisses with prejudice Mr. Handy's writ of mandamus pursuant to 28 U.S.C. § 1361 because it fails to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

The Court summarizes pertinent facts underlying this dispute. Based upon the record before the Court, on June 19, 2008, Mr. Handy was arrested on state charges in Pulaski County, Arkansas, in case number CR-08-2951 (Dkt. No. 7, at 1). On February 10, 2009, Mr. Handy was arrested on separate state charges in case number CR-09-421 (*Id.*). Mr. Handy was then arrested by federal authorities on February 17, 2009; Mr. Handy entered into a plea agreement on these federal charges, pleading guilty to sex trafficking of a minor (*Id.*, at 1-2). The federal court sentenced Mr. Handy to "188 Months to run consecutive to the undischarged term in the Arkansas

Department of Correction[.]" (Dkt. No. 7-6, at 2). Mr. Handy was already in the custody of the Arkansas Department of Correction ("ADC") serving sentences in case numbers CR-04-5058 and CR-05-3888 when he received his federal sentence (Dkt. No. 7, at 2). Mr. Handy later pled guilty in case number CR-08-2951 and received a sentence of 180 months in ADC custody (*Id.*, at 3). Mr. Handy finally pled guilty in case number CR-09-421 and received a sentence of 120 months in ADC custody "concurrent with 08-2951 and time presently serving in the federal Bureau of Prisons." (*Id.*). Notably, the federal sentence is silent as to whether that sentence should be concurrent or consecutive with any *future* sentence, i.e., the sentences arising out of CR-08-2951 or CR-09-421 (Dkt. No. 7-6, at 2).

In his petition, Mr. Handy asks this Court to direct the ADC to release him into the custody of the Bureau of Prisons ("BOP") so that he may begin serving his federal sentence or, alternatively, Mr. Handy asks this Court to modify his federal sentence to run *nunc pro tunc* with his state sentence. Respondent Wendy Kelly asserts that Mr. Handy's relief is non-cognizable as a habeas action; Mr. Handy agrees and asks that this Court either redesignate this matter as a writ of mandamus or grant a temporary stay so that he may perfect his petition. The Proposed Findings and Recommendations recommend redesignation of Mr. Handy's petition to one pursuant to 28 U.S.C. § 1361 and dismissal with prejudice of the petition. In his objection, Mr. Handy argues that he did not give consent to Judge Kearney's consideration of this case and that his petition is brought pursuant to 28 U.S.C. § 1361.

First, the Court concludes that there is no merit to Mr. Handy's objection to Judge Kearney's consideration of this case. Per 28 U.S.C. § 636(b)(1)(A) and (B), a district court may designate a magistrate judge to hear and determine pretrial matters and may also designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations.

*See* Fed. R. Civ. P. 72. Pursuant to statute and the Federal Rules of Civil Procedure, this Court has adopted Local Rule 72.1 of the Local Rules of the Eastern and Western Districts of Arkansas, which provides that magistrate judges shall review prisoner petitions and submit proposed findings and recommendations. Since Mr. Handy did not consent to magistrate judge jurisdiction, he is entitled to have a district judge review the Proposed Findings and Recommendations *de novo*, which the undersigned judge has done. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Second, the Court concludes that Mr. Handy's petition, which neither challenges the conviction for which he is presently incarcerated nor challenges a conviction that has been imposed but he is not yet serving, is clearly outside the scope of a petition under 28 U.S.C. § 2254. To the extent that Mr. Handy asks this Court to issue a writ of mandamus directing the ADC to transfer him to the custody of the BOP, the Court concludes that Mr. Handy's petition is better characterized as a petition pursuant to 28 U.S.C. § 1361, which governs writs of mandamus. Accordingly, the Court directs the Clerk of Court to redesignate this case as one pursuant to 28 U.S.C. § 1361.

The Court further concludes that, to the extent Mr. Handy seeks a writ of mandamus to compel the ADC to transfer him to the custody of the BOP, such relief is not appropriate under 28 U.S.C. § 1361. The federal mandamus statute reads, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the *United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Accordingly, this Court may not issue a writ of mandamus to compel the ADC as it is not a federal entity. *See Hebert v. Winona Cnty.*, 111 F. Supp. 3d 970, 975-76 (D. Minn. 2015) (citing *Noble v. Cain*, 123 Fed. App'x 151, 152-53 (5th Cir. 2005) ("[M]andamus relief . . . is not available to federal courts to direct state officials in the performance of their duties and functions.")). The

Court therefore dismisses with prejudice Mr. Handy's petition for writ of mandamus because it fails to state a claim upon which relief can be granted.

Finally, as for Mr. Handy's request that this Court designate his federal sentence to be run *nunc pro tunc* with his state sentence, the Court concludes that such relief is premature, as Mr. Handy has not demonstrated that he has presented this request to the BOP and that the BOP has denied such a request. As discussed by the Eighth Circuit Court of Appeals in *Fegans v. U.S.*, 506 F.3d 1101, 1103-05 (8th Cir. 2007), at the time *Fegans* was decided and Mr. Handy was sentenced, Congress has not directly addressed "whether federal courts may decide to order a federal sentence to be served concurrent to or consecutive with a state prison sentence *that has not yet been imposed*." (emphasis in original). Rather, under *Fegans*, prisoners may request a *nunc pro tunc* designation from the BOP, and the BOP may then determine whether the sentencing judge intended a federal sentence to run concurrently with a state prison sentence that has not yet been imposed. 506 F.3d at 1105. This determination by the BOP is entitled to "substantial deference." *Id.* Paragraph 9(4)(c) of the BOP's Program Statement 5160.05 (Jan. 2003) governs this determination by the BOP:

> In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

PS 5160.05 ¶ 9(4)(c).

The record here contains no evidence that Mr. Handy has asked the BOP for a *nunc pro tunc* designation and that such a request has been denied. Accordingly, the Court concludes that

4

Mr. Handy's request to this Court for a *nunc pro tunc* designation is not appropriate at this time and that such a request should be directed first to the BOP.

It is therefore ordered that:

1. The Clerk of Court is directed to redesignate this case as one pursuant to 28 U.S.C. § 1361.

2. The Court dismisses with prejudice Mr. Handy's petition for writ of mandamus pursuant to 28 U.S.C. § 1361 because it fails to state a claim upon which relief can be granted.

So ordered this the 30th day of October, 2018.

_____
Kristine G. Baker
United States District Court Judge